Case number 24-1189, BIU, LLC petitioner versus Federal Communications Commission and United States of America. Mr. Greenberg for the petitioner, Mr. Hellman for the respondents. Good morning, counsel. Mr. Greenberg, please proceed when you're ready. Good morning, your honors. Alan Greenberg of Greenberg Gross for the petitioner. May it please the court, the two principal cases cited by both sides, both involved dismissals without prejudice, Listener's Guild and Environmental. In this case, it is not clear why the FCC dismissed the matter, the underlying petition with prejudice. It involved highly suspicious circumstances. The request for withdrawal by Spectrum 5 did not state that it was requesting that the dismissal be with prejudice. The underlying petition that Spectrum 5 had before the FCC implicated ongoing wrongdoing by Intelsat and alleged credibly with supporting information and citations to evidence complicity by the FCC itself in allowing two rogue satellites to violate the license that they had from the FCC to violate the standards of the international, the ITU, the international telecommunications. And they it was a matter involving billions of dollars of revenue as alleged in the underlying petition. It seems like all of your arguments are going to the merits of the case. What about the procedure with respect to the two untimely orders? Well, the yes. So thank you, your honor. The in the face of that, of those merits, the fact that the dismissal was inexplicably or entered with prejudice on a withdrawal that was inexplicable under those circumstances potentially subverts the integrity of the commission itself. And so under Listener's Guild and Environmental, the FCC's argument that it should not hear a contractual matter is not supported by those cases. Those cases specifically allowed the interested party to come back to the FCC if as and when they were successful in a state court forum. And that's not true here. In the FCC's brief on page 17, they first say there's no reason why it, meaning your client, cannot have the underlying contractual dispute adjudicated in a form that routinely considers contract claims such as state court, and then go on to say, and should BIU bail in establishing its rights, it can return to the commission armed with a court judgment and see green statement of the spectrum five petition or other appropriate relief. Let's suppose that that's all true. If that's all true, then your with prejudice, without prejudice argument and starting point doesn't matter. Am I right about that? Well, it would not matter if it was without prejudice. In other words, let's suppose that the way they're viewing with prejudice, because it's with prejudice entered by a commission body. So I guess the commission gets to determine what it means to be with prejudice vis-a-vis the commission. And if this is what the commission thinks with prejudice means, then the distinction between with prejudice and without prejudice, as I understand it, ceases to be consequential. It seems like awfully cold comfort to the petitioner in that they say that the petitioner can seek to reopen. They don't commit that they won't just deny it out of hand as being untimely. Okay, I take that point, but let's suppose that they don't dismiss that out of the hand on the ground that what are you talking about? Our prior one was with prejudice. They don't just mean, you know, you get to file something and immediately get rebuked. If it really means that if you go to state court and you get what the kind of determination you want, and then you can still go back to the commission and have it not be precluded by the fact that there's already been one go at it for the commission. If that's true, then you'd be you'd be in good stead. Yes, I agree with that, because it would be in effect without prejudice, even though it's called with prejudice. But I, we like I was saying, I don't know that that page 17 of their brief is binding on them at this point. So we can we can ask the commission whether it means what it says here. But I just wanted to make sure that I had understood the lay of the land from your perspective. Thank you, Your Honor. But when you go to state court, you are having allegations of fraud and, you know, failure to pay loan. And that would be a monetary damages remedy.  Well, it's a BIU, the petitioner is a secured lender, and it's collateral includes the rights that are involved in the underlying petition. So it's if some if someone were to pay them in full, then it would just be a monetary matter. But if that's the nature of being a secured creditor, they have collateral to and they have an interest in state court, they could get the right to pursue. But I guess I'm looking at what your claim is. Your claim seems to be a default on the loan. And so if you're going to claim a default on the loan, isn't that a monetary remedy that's being sought? Well, it is if again, if if there's an ability to pay the loan from some source, otherwise that the nature of being a secured creditor versus an unsecured creditor is that this collateral exists, which includes the contract right to enforce 95 West slot. And so if successful in state court, what is it that you understand that if the commission says this is a private contractual dispute, that is going to be sent to state court? What are what is the claim? And then what is the potential remedy? Like how are you? How are you made whole then? In state court? Yeah, well, what would happen is BIU would go to state court and seek to get a ruling that they can enforce their collateral because the FCC does not wish to entertain that. So the if a state court said that a BIU could foreclose on the collateral and receive the contract rights that that it's entitled to, then it would go back in the claim. No, it would not in the claim because they wouldn't be paid just from that. So the and even if they got a money judgment, it wouldn't result in collection automatically. So that's the whole idea of collateral is to then pursue the collateral to try to generate the money. So the secured creditor would come back to the FCC, hopefully in a manner that they that they can be heard on the substance and continue the petition, the underlying petition in front of the FCC. And if successful, might actually be able to collect on the loan. So you the way you're thinking of it, if you're successful, if this goes to a state court action and you're successful in a state court action, you'd still need to come back to the commission.  Which is why we made the issue of the with prejudice, without prejudice. There are just to address it for completion. There are some timeliness issues that came up in the briefing and in the underlying decisions. And the WST TV case does say from this court that the commission in this in a situation like this needs to consider the public interest in deciding even if somebody did not file any petition for reconsideration would need to decide, despite untimeliness, the merits of it. And so here, there's no indication of consideration of very important public interest. And so I'd like to reserve the balance of my time unless there's more questions. Thank you. After rebuttal.  Transcribed by https://otter.ai Good morning, your honors, and may it please the court, Ivor Hellman on behalf of the Federal Communications Commission and the United States. This court should deny BIU's petition for review because the commission was reasonable in taking spectrum fives withdrawal at face value that that withdrawal came prior to BIU's involvement. And so that the with prejudice statement that occurs in the Enforcement Bureau's dismissal at Petitioner Appendix 105, that's before BIU got involved in any sort of allegations of I mean, the allegations were made in the initial petition, but this was before the allegations of fraud that BIU is now alleged. And the consequence of that is what? So if I take that point that it was before the fraud stuff sort of came up, does it mean that even though the rejection was with prejudice, now that there's something new in the case, the fraud stuff that wasn't there before, that if the BIU goes to state court and ultimately vindicates its fraud claims in state court, that there's no with prejudice problem with it coming back before the commission because before the Enforcement Bureau, because Enforcement Bureau didn't have before it the fraud part of it to begin with? That's correct. You're thinking about it. Yeah. The statement that you read in our brief on page 17 is correct that if BIU can establish its its rights in state court, the the fact that the dismissal is with prejudice is not going to prevent it from coming back to the commission. And that means more than what what counsel, you know, sort of hypothesize and seeking to protect its client's interests. I can understand why that it doesn't mean just kind of a formal, oh, you can still come back before the commission, but then you're immediately going to be bounced. It means, no, if you actually get relief on your fraud claim, then on your fraud allegation, then there's no threshold bar to having your claim considered by the enforcement. That's correct. If you can establish that there is fraud in the withdrawal of the petition, then the prejudice language is not a bar to it coming back for the commission order didn't seem to suggest that they had come back after a state court judgment. That seems to be something the commission has in its brief. Your Honor, I believe in the full commission decision. It talks about the role of state courts to adjudicate this dispute in the context of of BIU establishing its its claim, its fraud allegations in state court. I don't know that the commission that the commission expressly said then BIU can come back, but it didn't say you can't come back. So OK, but you're taking the absence of that language to mean that it's not precluded. That's correct. OK. And and with respect to your question, Judge Childs, about what you can do in state court, BIU is seeking to establish that Spectrum 5 defaulted and that under the contract language under the various agreements, BIU is the attorney, in fact, such that Mr. Wilson was without authority when he filed the motion to withdraw. Yeah, you can establish those things in state court if it's entitled to money damages or other things. That's sort of collateral or a different issue, but it can get a declaration that it that Spectrum 5 was in default as of a certain time, because that also matters as to when the default occurred. If it occurred after then, yeah, you doesn't have the rights that it claims. And that sort of contractual interpretation is a quintessential state court matter that the commission was certainly not acting arbitrarily and capriciously when it declined to to engage in. Right. So BIU goes to state court. And to follow up on what Judge Childs was asking about, if BIU goes to state court and establishes that there was fraud in the withdrawal and then whatever relief it gets in state court is irrelevant to the commission because then BIU can come forward to the commission and say, look, the withdrawal actually was no good. That's correct. Yeah, that's exactly correct, Judge Stringer-Rawson, and BIU makes the argument, well, the state court can't adjudicate satellite license conditions. And that's correct. But the state court doesn't need to adjudicate that. Right. Go ahead. You're in essence saying, and this happens not infrequent number of cases, at least in the years that I've watched. If we write an opinion in your favor, among the things that would be recited is the assurance from the agency that if they prevail in state court, the agency agrees that they can come back to the commission. And that ends, I mean, if a later court now gets the case and our prior opinions, we operated on the assurance from the agency that they can return, that's the end of it. That's correct, Judge Edwards. The answer to the other side. Certainly. And if we take that position and we prevail on it, we are bound by that position. Certainly we'd be judicially estopped if we then try to change our mind. And I do want to- Do we then just forego these untimeliness arguments? Well, they are independent grounds, Your Honor. And this court has certainly- Are they independent? Are they independent? The untimeliness and the determination, what we're calling the merits determination, I guess. The commission viewed them as two independent grounds. I suppose it could be intertwined in the sense that if BIU established fraud, then it would have a better argument to overcome the untimeliness. And it cited some cases in its brief where the commission waived its timeliness rules in the presence of unequivocal evidence of fraud. But- Yeah, but those cases seem to have undisputed evidence of fraud, but that's not what we have here. That's correct, Your Honor. That's exactly right. So, I'm trying to get a sense of- You seem to be agreeing earlier that the commission does take the position that if they go to state court and they get a favorable ruling, then they could come back reopening the case or what have you. So, then you would be foregoing the untimeliness arguments and allowing them to just come back to the commission in that regard. If they can establish that the withdrawal was fraudulent, they could perhaps overcome their untimely- their doubly untimely filing. Okay. So, you're leaving untimeliness on the table after they come back to the commission, like if the commission still wants to pursue that with respect to whether or not the appeal of the petitions were timely filed. I'm just trying to get- are you admitting that they don't have to deal with that anymore? Just let them get what their favorable ruling would be in state court and then they come back? Or are you still leaving untimeliness on the table? I think with a strong showing of fraud, they could overcome the untimeliness, but without a strong showing of fraud from state court, as their petition- Okay, that would be consistent with some of the prior rulings. That's correct. Okay. Yeah, but just to- you're saying could overcome. I mean, if they got the determination of fraud that the commission wants, it's suggesting that they go try to get. If they don't get the determination of fraud, then obviously everything ends. Right. But if they get the determination of fraud, then is there still a bar to them getting their claim heard on the merits before the commission? A timeliness? A timeliness. I guess I was offering the assumption that there wouldn't be, but if there still is, then- Well, so I guess I'll answer it this way, Chief Judge. At this point, they've made no attempt to overcome their double untimeliness. If they come back with a fraud judgment and say that these are extenuating circumstances, that could constitute a circumstance under which the commission could waive its timeliness. So I guess I don't want to necessarily speculate as to how they come back to the commission if they've prevailed, but that type of fraud could help them overcome the untimeliness. The thing is that the view of timeliness is different if they come back. Your view of timeliness was as against this procedure and what was happening in it. That's all gone. They go to state court and get a judgment in their favor and they come back. You're not counting the 30 days from that prior period. That's all irrelevant now. And you have a court order if you win, a court order that says you assured them that they could come back if they win. I'm just telling based on my experience, you're making it harder than it really is. Based on my experience, if you have a court order like that and the commission sees it, they're not going to say, we ignored. The court said, we gave assurance and we're going to not let you come back because of prior untimeliness. That makes no sense. No, I think that's right. If they have the order from the court concluding that there's evidence of, well, that helps them establish fraud, then their prior untimeliness is not going to be. The commission has to give it some consideration now. That's correct, yes. And there's a new clock. I don't know when it starts or how we set that up, but it's certainly not the old clock. That's correct. If there are no further questions from the court, we respectfully request that you deny BIU's petition. Thank you, counsel. I think you had about a minute and a half left. We'll give you that minute. Thank you, your honors. There's really only one point that I want to address in response that, again, if BIU goes to state court, it will be under state law to enforce the loan documents. It will not necessarily be to establish that there was fraud in the withdrawal of an FCC petition because that fraud of a withdrawal of an FCC petition would be a matter not of state law, but of FCC jurisdiction. In other words, what BIU envisions coming back with is a judgment that says that the loans were in default prior to the withdrawal, that BIU had the enforceable power of attorney, and we would then go to the FCC with evidence through discovery. We would be taking discovery to be able to present evidence to the FCC of the circumstances of the withdrawal, which are unexplained right now as to why it was withdrawn. So we wouldn't necessarily have a fraud judgment as labeled as such from the state court. It would be that we would come back to the FCC with a judgment that BIU has the right to proceed, and then we would go to the FCC and show them that the underlying facts that the withdrawal was improper and was not for a legitimate purpose. Yeah, that's a fair point. But I think fraud was just shorthand for the notion that you would get the determination that BIU had the power of attorney. And once that it is the power of attorney, then it triggers all the rest of the things that you're talking about. That was the only additional point that I had, so unless there are more questions. Thank you, Your Honor. Thank you, counsel. Thank you to both counsel. We'll take this case under submission.
judges: Srinivasan; Childs; Edwards